*484
 
 Hah, Judge,
 

 delivered the opinion of the Court:
 

 From the facts of this case, it appears that Smith he-came the purchaser of Carter’s judgment against Powell, and that it was his intention to do so, when he paid Carter for it, but not to satisfy the execution which had issued against Powell; and by doing so, he did injury to no one. It does
 
 not
 
 appear what the Sheriff’s return on the execution was, but it is more than likely it was returned, levied on Powell’s property
 
 ;
 
 because from the next Court a
 
 venditioni exponas
 
 issued, also other executions issued from the same Court, on behalf of other creditors, who claim to have their executions satisfied in preference to Carter’s execution, which belonged to Smith. This cannot be
 
 done;
 
 because Carter’s
 
 execution
 
 was first levied on the property, and the lien thereby created, remained until it was sold under the
 
 vendi-tioni
 
 exponas, unless, indeed, there was some fraud prac-tised by Carter or Smith ; but no fraud appears, because the Plaintiffs, in those executions, are not in a worse situation than if Powell’s property had been sold under the first execution that issued against him .- ’tis true, where an execution is levied upon property, and the Plaintiff, in such execution, to favour the Defendant, forbears to sell, and holds on under the lien thereby created, the property may be sold under executions of a younger date but that is not the case here j because at the time the indulgence was given to Powell, by the Plaintiff, no other execution had issued against him. After other executions issued, no indulgence was given.