FROM MARTIN.
The breach assigned was the nonpayment by the sheriff of the amount of an execution in favor of the relators which he had collected from the executors of Jeremiah Slade.
A verdict was returned for the plaintiff, subject to the opinion of the presiding Judge, upon the following facts:
The execution upon which the money was made by the sheriff was returnable to May Term, 1827, of the County Court. On 27 (353) March, preceding the return day, the relators, by their cashier, had assigned their interest in the judgment and execution to Henry Slade and Samuel Hyman. From the date of that assignment the account of Jeremiah Slade on the books of the relators was closed, and he owed them nothing.
MARTIN, J., rendered judgment for the plaintiff, and the defendants appealed.
The extinguishment of the debt to the bank depends altogether upon the intent with which the money was advanced — whether by way of payment or purchase. Upon that there can be no doubt, and the plaintiff is entitled to recover. To this point may be cited the case of Carter v. Sheriff,8 N.C. 483.
PER CURIAM. Affirmed.
Cited: Harrison v. Simmons, 44 N.C. 81.
See Hodges v. Armstrong, 14 N.C. 253; Sherrod v. Collier, Ib., 380. *Page 225 
(354)